COMMONWEALTH *v.* GIN JONES, ET AL.

**Criminal Law—Accomplices.**

>   There can be no accomplices in the offense of gambling. Each defendant is liable as principal.

**Charges of Gambling.**

>   The act of gaming by one person will not make others present liable, although those present may have advised it or played in the game. There is in a legal sense no such thing as an accessory or an accomplice in the offense of gambling.

### APPEAL FROM HART CRIMINAL COURT.

### September 9, 1879.

OPINION BY JUDGE PRYOR:

The parties indicted, if guilty, were each guilty of a separate offense and liable to separate punishment. There are no accom-

plices in such offenses, each being responsible for his individual act. Each play the game, and the one is not liable because the other engaged in it, but for the reason that he himself violated the law. This is unlike cases of felony where by concert of action between the parties one of the number is induced or persuaded to commit a theft or robbery, or where others aid or abet in the commission of a felony. The act of gaming by one will not make another responsible, although he may have advised it, or played in the game. There is in a legal sense no such thing as an accessory or an accomplice in such an offense. The commonwealth, however, has proceeded on the idea and by a distinct allegation that the game was played at a certain time and by certain parties. After failing to prove the offense as alleged, the commonwealth undertakes to prove the playing of a game by other parties with "A" at a different time. Where the commonwealth alleges certainty as to time and parties it must be held at variance to prove a playing at some other time and with other parties. While time is not generally material it may be made so by reason of other allegations.

Judgment *affirmed*.

*Hardin, for appellant.*